UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY D. WHEATLEY, | ) | CASE NO.   4:21-cv-1831 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) | |
| | ) | |
| BOARDMAN LOCAL SCHOOLS, | ) | **ORDER** |
| DISTRICT BOARD OF EDUCATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

Before this Court are Plaintiff Tiffany Wheatley's judicial recusal motion (Doc. No. 53) and motion for relief from a judgment or order (Doc. No. 54.)   For the reasons that follow, the judicial recusal motion is DENIED, and the motion for relief from a judgment or order is GRANTED in part and DENIED in part.

In her recusal motion, Plaintiff states that the undersigned must recuse herself from the above-captioned case due to her close relationship with Defendants and their counsel.   (Doc. No. 53 at PageID 556-57, ¶ 4.).   To Plaintiff, these pre-existing relationships have caused the undersigned to violate the constitution, federal law, and the Code of Conduct for United States Judges.   (*Id.* at PageID 556, 569, ¶¶ 1, 50.)   On June 3, 2022, Plaintiff filed a document raising concerns about the undersigned's impartiality and hinting that she intended to file a formal recusal motion.   (Doc. No. 38.)   In response, the Court held an on-the-record status conference on June 23, 2022, at which Plaintiff was given an opportunity to provide information supporting

1

recusal. After hearing from Plaintiff and defense counsel, the Court determined that there was no basis for recusal. Likewise, Plaintiff's motion reiterates many of the same arguments addressed at the June 23, 2022 status conference – none of which alters the Court's determination that recusal is not warranted. Because Plaintiff has not demonstrated that recusal is necessary, this motion is denied. *See Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) ("[T]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.") (alteration in original) (citation omitted)).

Plaintiff's motion for relief from a judgment or order (Doc. No. 54) asks this Court to amend its Memorandum Opinion and Order granting Defendants' motions to dismiss and dismissing all of Plaintiff's claims with prejudice (Doc. No. 40.) The Court has reviewed this motion and amends its Memorandum Opinion and Order issued on June 24, 2022, as follows: Plaintiff's Title VI, Rehabilitation Act of 1973, and Denial of a Free Appropriate Public Education claims are hereby dismissed *without prejudice* to allow Plaintiff's daughter or a party with standing to bring these claims on their own behalf.[1] *Matthews v. Craige*, No. 1:16-cv-11680, 2016 WL 3522320, at *2 (E.D. Mich. June 28, 2016) (dismissing claims brought by *pro se* parent on child's behalf without prejudice so that child may bring claims through counsel);

---

[1] Plaintiff's Family Educational Rights and Privacy Act ("FERPA") claim remains dismissed with prejudice because there is no private cause of action under this statute. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002) ("FERPA's nondisclosure provisions contain no rights-creating language, they have an aggregate, not individual, focus, and they serve primarily to direct the Secretary of Education's distribution of public funds to educational institutions. They therefore create no rights enforceable under § 1983."). Plaintiff, therefore, failed to state a viable claim for relief. Nor could any private litigant ever do so. *E.,g, Bevington v. Ohio Univ.*, 93 F. App'x 748, 750 (6th Cir. 2004) (affirming district court's dismissal for failure to state a claim because "there is no private right of action under the FERPA").

*Gillig v. Nike, Inc.*, 602 F.3d 1354, 1361 (Fed. Cir. 2010) ("To the extent that the dismissal in the original action was for lack of standing, there is no *res judicata* bar to a second action by a party with proper standing."). To the extent that Plaintiff's motion seeks any other amendment of the Court's June 24, 2022 Memorandum Opinion and Order, it is denied.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
**Date**: January 23, 2023          UNITED STATES DISTRICT JUDGE